IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SAMUEL J. TANNER, | § | |
| | § | No. 626, 2014 |
| Respondent Below, | § | |
| Appellant, | § | Court Below – Family Court |
| | § | of the State of Delaware, in and |
| v. | § | for New Castle County |
| | § | |
| THERESA L. ALLEN, | § | File No. CN12-06785 |
| | § | Petition No. 14-14068 |
| Petitioner Below, | § | |
| Appellee. | § | |

Submitted: August 19, 2015
Decided: August 20, 2015

Before **STRINE**, Chief Justice; **HOLLAND**, and **SEITZ**, Justices.

## **O R D E R**

This 20th day of August, 2015, after careful consideration of the parties'
briefs, we find it evident that the judgment of the Family Court finding Tanner[1] in
contempt and issuing an attachment against his United States Postal Office pension
should be affirmed. Tanner's argument that his Federal Employees Retirement
System ("FERS") disability retirement benefits are not subject to attachment is
without merit. The United States Code, 5 U.S.C. § 8470(a), provides that "[a]n
amount payable under subchapter II, IV, or V of this chapter [FERS] is not
assignable, either in law or equity, *except under the provisions of section 8465 or*

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

*8467 . . . .*"[2] Section 8467(a)(1) expressly provides that FERS benefits can be ordered paid to another person under "any court decree of divorce, annulment or legal separation, or the terms of any court order or court-approved property settlement agreement incident to any court decree of divorce, annulment, or legal separation."[3] The Family Court's letter decision and order dated October 14, 2014 is a "court order . . . incident to" the Family Court's September 11, 2013 divorce decree, and therefore subject to attachment. The fact that the October 14, 2014 order was necessitated by Tanner's non-payment of his obligations under previous orders of the Family Court incident to that divorce decree, far from undermining this conclusion, only serves to reinforce it.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice

---

[2] 5 U.S.C. § 8470(a) (emphasis added).
[3] 5 U.S.C. § 8467(a)(1).